```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
```

```
_____
                               )
OCEANIC EXPLORATION CO., et al.,)
                               )
                  Plaintiffs,  )
                               )
             v.                )   Civil Action No. 04-332 (EGS)
                               )
CONOCOPHILLIPS, INC., et al.,  )
                               )
                  Defendants.  )
_____)
```

### MEMORANDUM OPINION

Pending before the Court is ConocoPhillips' Motion to Transfer Venue. Upon consideration of the motion, the response and reply thereto, and for the following reasons, the Court **GRANTS** ConocoPhillips' Motion to Transfer Venue and this case shall be transferred to the United States District Court for the Southern District of Texas.

### I.   BACKGROUND

This case involves ConocoPhillips' alleged bribery of government officials in East Timor with respect to concessions to develop natural resources in the Timor Sea between East Timor and Australia. The facts of this case are laid out in more detail in the Court's September 21, 2006 opinion granting in part and denying in part ConocoPhillips' Motion to Dismiss.

In its September 21, 2006 opinion, the Court dismissed the Timor Sea Designated Authority ("TDSA") from the case based on the act of state doctrine. On November 8, 2006, ConocoPhillips

filed a motion to transfer the case to the United States District Court for the Southern District of Texas, arguing that without any foreign defendants in the case, there is no basis for keeping this case in the District of Columbia.

## II.  STANDARD OF REVIEW

The federal venue transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court has discretion to adjudicate motions to transfer according to an "'individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The moving party bears the burden of establishing that transfer of the action is proper.  *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005).

The defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff could have brought suit in the proposed transferee district.  *Devaughn*, 403 F. Supp. 2d at 71-72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).  Second, the defendant must demonstrate that considerations of convenience and the

interests of justice weigh in favor of a transfer.  *Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944 F. Supp. at 16.

### III. THE CASE COULD HAVE BEEN BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Before the Court transfers an action to another venue, the defendant must show that the plaintiff could have brought the action in the proposed transferee district.  *Devaughn*, 403 F. Supp. 2d at 72 (citing *Van Dusen*, 376 U.S. at 622).  Under all the statutes cited by plaintiffs in their complaint as bases for venue except for 28 U.S.C. § 1391(f), a plaintiff can bring an action where the defendant resides.  *See* Second Am. Compl. ¶ 8; 1391 U.S.C. § 1391(b); 28 U.S.C. § 1400(a); 18 U.S.C. § 1965; 15 U.S.C. § 15.  When a plaintiff brings an action against foreign state or subdivision thereof, the default venue is the United States District Court for the District of Columbia.  *See* 28 U.S.C. § 1391(f)(4).

Plaintiffs argue that when a court is considering a transfer, it must assess whether the plaintiff could have brought the action in the proposed transferee district at the time the action was originally filed.  Pls.' Opp'n at 4.  Defendants counter that the proper rule is that a federal court may transfer a case to another district if the case might have been brought in the transferee forum against the defendants in the case at the time of transfer.  Defs.' Reply at 4.  The Court agrees with the defendants.  When certain defendants are dismissed from the case,

those defendants are no longer considered in determining whether a case could have been brought in the proposed transferee district.  *See Chung v. Chrysler Corp.*, 903 F. Supp. 160, 163 (D.D.C. 1995) (finding that the residence of a defendant who was dismissed from the case for lack of proper service should not be considered in evaluating a motion to transfer filed after such defendant's dismissal); *Piekarski v. Home Owners Sav. Bank*, 743 F. Supp. 38, 43 (D.D.C. 1990) ("The Court cannot blindly consider the case as it was at the time it was filed in reaching its decision, without considering the dismissal or substitution of parties . . . ."); *Martin-Trigona v. Meister*, 668 F. Supp. 1, 4 (D.D.C. 1987) (transferring case from the District of Columbia to Connecticut after dismissing the only defendants that had a tie to the District of Columbia).  With the TDSA no longer in the case, the remaining ConocoPhillips' defendants reside in Houston where they have their principal place of business.  Accordingly, the action against the defendants who currently remain in the case could have been brought in the Southern District of Texas.

**IV. THE BALANCE OF PRIVATE AND PUBLIC INTERESTS FAVORS TRANSFER**

In determining whether considerations of convenience and the interests of justice support transfer, the Court weighs a number of private-interest and public-interest factors.  *See Devaughn*, 403 F. Supp. 2d at 72.  In this case, those factors weigh in favor of transfer.

### A.    Private-Interest Factors

The private-interest considerations the Court looks to when deciding whether to transfer a case include:  (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses, but only to the extent witnesses may be unavailable for trial in the original forum; and (6) the ease of access to proof.  *Id.* at 72.

With regard to the first factor, the Court typically accords "substantial deference" to a plaintiff's choice of forum. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000). However, substantially less deference is warranted when the plaintiff chooses a forum other than his home forum.  *Id*.  The plaintiff's choice of forum also is given less deference when the chosen forum has "'no meaningful ties to the controversy and no particular interest in the parties or subject matter.'"  *Chung*, 903 F. Supp. at 165 (quoting *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 145 (D.D.C. 1979).

The plaintiffs in this case are not District of Columbia residents; they are Delaware and Portuguese corporations with their principal place of business in Colorado.  Second Am. Compl. ¶¶ 10-11.  None of the events alleged in the complaint occurred in the District of Columbia.  The Court is not convinced that the

presence of ConocoPhillips' government relations office in the District of Columbia with no ties to the alleged wrongdoing is sufficient to establish any nexus with the events in the complaint.  The Court equally finds unpersuasive plaintiffs' argument that there is a sufficient tie to D.C. based on the fact that one of the witnesses in the case – James Godlove – works in D.C. and resides in Northern Virginia. Plaintiffs can only identify one witness in the D.C. area and they have indicated that they intend to depose as many as 75 witnesses.  *See* Meet and Confer Statement at 9.

Next, the Court considers the defendants' choice of forum. The defendants have legitimate reasons for preferring the Southern District of Texas because ConocoPhillips is headquartered in Houston, Texas.  Moreover, the operative facts in this case have at least some link to the Southern District of Texas and no link whatsoever to the District of Columbia.

As to the third factor - where the claims arose - the majority of the alleged wrongful conduct in this case occurred outside the United States.  Defendants argue, however, that to the extent that any relevant events took place in the United States, they would have occurred in Texas.  Defs.' Mot. to Transfer at 8.  This Court agrees.  *See* 2/8/05 Mot. to Dismiss Hr'g Tr. at 21 ("If the bribes emanated, they emanated from [ConocoPhillips'] corporate headquarters and they certainly

aren't in the District of Columbia."). Plaintiffs fail to allege even a single act that occurred in the District of Columbia. Therefore, the Court finds that this factor weighs in favor of transfer.

As to the convenience of the parties, the defendants argue that Houston is the most convenient forum because that is where ConocoPhillips has its principal place of business. Defs.' Mot. to Transfer at 8. Plaintiffs would have to travel regardless of whether the forum is the District of Columbia or the Southern District of Texas. *See Versol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 593 (E.D. Va. 1992) (granting transfer to defendant's residence when plaintiff and witnesses would have to travel regardless of the forum). In addition, the Southern District of Texas is closer to Colorado, where plaintiffs reside, than Washington, D.C.

The Court is not persuaded by any of plaintiffs' arguments that the convenience of the parties would best be served by keeping the action in D.C. Plaintiffs first argue that the presence of ConocoPhillips' government relations office in D.C. makes it a convenient forum. Pls.' Opp'n at 9. However, the government relations office is in no way connected to any of the alleged facts in the complaint. Plaintiffs next argue that ConocoPhillips has retained lead counsel in D.C. This Court has previously recognized that the presence of counsel carries

little, if any, weight in the venue determination. *See McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33, 40-41 (D.D.C. 2003); *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 324 (D.D.C. 1991). Finally, plaintiffs argue that D.C. is a convenient forum because ConocoPhillips has been a party to lawsuits in this forum in the past. Previous litigation in this forum, however, does not prove that this is the optimal forum for this case. *See O'Shea v. Int'l Brotherhood of Teamsters, Local Union No. 639*, No. Civ.A. 04-0207(RBW), 2005 WL 486143, at *4 n.3 (D.D.C. Mar. 2, 2005) (finding that the fact that a prior case involving the same parties was litigated in this Court "has no bearing on where this case should be litigated.").

Turning to the convenience of the witnesses, the Court considers "the availability of compulsory process to command the attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses." *Reiffin*, 104 F. Supp. 2d at 53. At least three individuals identified by name in the complaint reside in Texas and ConocoPhillips indicates that other ConocoPhillips employees who would have knowledge of relevant events also reside in Texas. Defs.' Mot. to Transfer at 9. The Southern District of Texas certainly has subpoena power over those witnesses that reside in Texas, *see* Fed. R. Civ. P. 45, and the cost of obtaining attendance of those witnesses would be minimal.

Although plaintiffs have indicated that they only intend to rely on a few witnesses in Houston, *see* Pls.' Opp'n at 12, they have identified only one witness who works in District of Columbia and resides nearby and there is no connection between this litigation and the District of Columbia.  The Court acknowledges that those witnesses coming from Australia will not likely be more inconvenienced by litigating in Washington, D.C. as opposed to Houston and that certain unavailable witnesses could be subjected to videotape depositions rather than appearing in person.  However, the Court cannot overlook the fact that more U.S.-based witnesses are likely to be located in the Southern District of Texas, given the location of ConocoPhillips' headquarters, than in any other jurisdiction in the United States.

The final private-interest factor the Court considers is the access to proof.  Defendants argue that to the extent there are any relevant documents in the United States, those documents would be located at ConocoPhillips' headquarters in Houston, Texas. Defs.' Mot. to Transfer at 8.  Defendants further argue that wherever relevant documents are located, they will be produced through the ConocoPhillips' Houston headquarters.  *Id*. No party contends that any relevant documents are located in the District of Columbia.  Plaintiffs instead argue that the location of the documents is irrelevant to the venue analysis in light of

9

modern trends in document production.  Pls.' Opp'n at 13.  *See Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res.*, 196 F. Supp. 2d 21, 36 (D.D.C. 2002) ("[T]he location of documents, given modern technology, is less important in determining the convenience of the parties."); *see also Coker v. Bank of America*, 984 F. Supp. 757, 766 (S.D.N.Y. 1997) (noting that the location of documents is a neutral factor because "in today's era of photocopying, fax machines and Federal Express, [the] documents easily could be sent to New York").  This factor is, at best, neutral or weighs slightly in favor of transfer.

### B.   Public-Interest Factors

Having concluded that plaintiff's choice of forum is entitled to less deference given the lack of ties with the District of Columbia and that other private-interest factors are neutral or favor transfer to the Southern District of Texas, the Court now turns to the public-interest factors.  The public-interest considerations include:  (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Id*.  These factors also weigh in favor of transfer.

As to the transferee's familiarity with governing laws, the United States District Court for the Southern District of Texas

is presumed to be equally competent in deciding the numerous federal law claims raised in this case.  *See Devaughn*, 403 F. Supp. 2d at 73.  Although this Court has not performed a choice-of-law analysis, plaintiffs' common law claims of intentional interference with prospective business advantage and unfair competition are more likely to be governed by Texas law than any other state's law given that any relevant conduct that emanated from the United States would have emanated from ConocoPhillips' offices in Texas.  These common law claims also challenge the conduct of a corporation headquartered in Texas.  *See Hitchcock v. United States*, 665 F.2d 354, 360 (D.C. Cir. 1981) (noting that a state "would have some interest in having its law applied to decide the liability of a business headquartered there at least where, as here, the [state] has other substantial contacts with the litigation").  By contrast, no conduct related to these claims occurred in the District of Columbia and no defendants are residents here.  Because Texas law is more likely to apply than the laws of the District of Columbia, the interests of justice are best served by transfer.  *See Trout Unlimited*, 944 F. Supp. at 19 (finding that the interests of justice are "best served by having a case decided by a federal court in the state whose laws govern the interests at stake").

   Relative docket congestion and potential speed of resolution in the transferor and transferee courts are also relevant factors

to consider. *See Trout Unlimited*, 944 F. Supp. at 19.  It is not evident that a transfer to the Southern District of Texas would lead to any additional unnecessary delay.  There has been no discovery and this Court has not looked beyond the allegations in the complaint to analyze the merits of plaintiffs' claims since the litigation has not yet progressed very far past the motion to dismiss stage.

Finally, the local interest factor weighs in favor of transferring this case.  ConocoPhillips is headquartered in Houston and any alleged wrongdoing that occurred in the United States emanated from the Houston headquarters.  *See Devaughn*, 403 F.Supp. 2d at 73 (transferring case because the transferee district has an interest in "regulating employers within its borders").  Even if the Court were to credit plaintiffs' argument that there is nothing uniquely local to Texas about an alleged bribery scheme involving East Timor and Indonesia, Pls.' Opp'n at 8, there are no ties whatsoever between the conduct alleged in this case and the District of Columbia.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to transfer.  An appropriate order accompanies this opinion.

**Signed:      EMMET G. SULLIVAN**
**              UNITED STATES DISTRICT JUDGE**
**              February 5, 2007**